AO (Rev. 5/85) Criminal Complaint

FILED IN OPEN COURT
2.9.17
CLERK, U S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | CASE NUMBER: 3:17-mj-1029-MCR |
| RIGOBERTO OROPEZA-NAVARRO | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 8, 2017, in the Middle District of Florida, the defendant,

    a citizen of Mexico and an alien in the United States, was found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported and removed from the United States on or about October 23, 2012, December 21, 2012, and February 15, 2013,

in violation of Title 8, United States Code, Section 1326. I further state that I am a Deportation Officer for the Department of Homeland Security, Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

    SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant
Joseph B. Ordon

Sworn to before me and subscribed in my presence,

February 9, 2017                              at         Jacksonville, Florida

MONTE C. RICHARDSON
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## CRIMINAL COMPLAINT AFFIDAVIT

I, Joseph B. Ordon, being a duly sworn and appointed Deportation Officer for the Department of Homeland Security, Immigration and Customs Enforcement, hereby make the following statement in support of the attached criminal complaint.

1. Your affiant is a Deportation Officer for Immigration and Customs Enforcement ("ICE") and has been so employed for over ten years. Your affiant has training and experience in the enforcement of the Immigration and Nationality laws of the United States. Additionally, your affiant has training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. As part of an immigration investigation, your affiant was advised of the following facts by Officer Johnson of the Jacksonville Sheriff's Office. Officer Johnson is assigned to the 287(g) program at the Duval County Pretrial Detention Facility in Duval County, in the Middle District of Florida. The 287(g) program was authorized under section 287(g) of the Immigration and Nationality Act and permits a state officer to be deputized "to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States . . . ." 8 U.S.C. § 1357(g).

3. Officer Johnson advised your affiant that on February 6, 2017, he was notified that an individual who had identified himself as RIGOBERTO OROPEZA-NAVARRO had been booked into the Duval County jail and had stated during the booking process that he was born in Mexico on a date in January, 1978. Officer Johnson ran immigration service computer checks for a person named RIGOBERTO

OROPEZA-NAVARRO who was born in Mexico on the date of birth provided and the computer checks showed no record that a citizen of Mexico with that name and date of birth had ever been legally admitted into the United States.

4. On the same date, Officer Johnson entered OROPEZA-NAVARRO's fingerprints into an automated biometric identification system that compares a person's fingerprints with the fingerprints in a database of persons who have been previously encountered by immigration authorities. The system returned a match and reflected that OROPEZA-NAVARRO had previously been encountered. Officer Johnson lodged an ICE detainer against OROPEZA-NAVARRO with the Duval County jail.

5. On February 7, 2017, your affiant was notified that local charges for OROPEZA-NAVARRO had been resolved and that he was ready to be picked up on the ICE detainer.

6. On February 8, 2017, your affiant reviewed a copy of the Alien Registration File ("A-file") for OROPEZA-NAVARRO. An A-file is a central file maintained by immigration agencies that contains documents related to the interactions and encounters of United States immigration authorities with an alien. Documents in the A-file reflected that OROPEZA-NAVARRO is a citizen of Mexico who has been previously removed from the United States to Mexico three times, on October 23, 2012, through Brownsville, Texas, on December 21, 2012, through Del Rio, Texas, and on February 15, 2013, through Laredo, Texas. The A-file contained no record that OROPEZA-NAVARRO had ever applied for or received permission

from the Attorney General or the Secretary of Homeland Security for the United States to re-enter the United States since the time of his last removal.

7. On February 9, 2017, at approximately 8:15 A.M., your affiant advised Assistant United States Attorney Arnold B. Corsmeier of the foregoing facts and he authorized criminal prosecution of OROPEZA-NAVARRO.

Based upon the foregoing facts, your affiant believes there is probable cause to establish that RIGOBERTO OROPEZA-NAVARRO is a citizen of Mexico who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

_____
Joseph B. Ordon, Deportation Officer
U.S. Immigration and Customs Enforcement
Jacksonville, Florida